VIRGINIA:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| JONATHAN WILLIAM BROWN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 7:22CV00592 |
| HSM CARRIER SERVICES LLC, | ) |
| HAMZA YOUSEF ALDISI, | ) |
| PENSKE TRUCK LEASING CORPORATION, | ) |
| and | ) |
| PENSKE TRUCK LEASING CO., L.P., | ) |
| Defendants. | ) |

## COMPLAINT

The plaintiff, Jonathan William Brown, by counsel, files this Complaint requesting the entry of judgment against the defendants, HSM Carrier Services LLC, Hamza Yousef Aldisi, Penske Truck Leasing Corporation, and Penske Truck Leasing Co., L.P., jointly and severally, on the grounds and in the amounts as hereinafter set forth:

### THE PARTIES

1. The plaintiff is a resident of Giles County in the Commonwealth of Virginia.

2. Defendant HSM Carrier Services LLC ("HSM") is incorporated in the state of Illinois with a principal place of business in Illinois. Upon information and belief, its member is a citizen of Illinois.

3. HSM is in the business of providing logistics and transportation of goods throughout the United States and is believed to regularly conduct business in the Commonwealth of Virginia.

4. In furtherance of its business ventures, HSM owns, maintains, and leases Freightliner trucks that its employees operate on the roads and thoroughfares of Virginia.

5. Defendant Hamza Yousef Aldisi is a resident of the state of Illinois.

6. Defendant Penske Truck Leasing Corporation ("Penske Corp") is incorporated in the state of Delaware with a principal place of business in Pennsylvania.

7. Penske Corp is in the business of leasing and/or renting vehicles, including but not limited to Freightliners, throughout the United States.

8. In furtherance of its business ventures, Penske Corp owns and maintains vehicles, including but not limited to Freightliners, that it leases for its lessees to operate on the roads and thoroughfares of Virginia.

9. At all relevant times, Aldisi and HSM leased from Penske Corp the Freightliner truck involved in the incident hereinafter described.

10. Defendant Penske Truck Leasing Co., L.P. ("Penske L.P.") is incorporated in the state of Delaware with a principal place of business in Pennsylvania. Upon information and belief, its members are diverse to the plaintiff in that they are not citizens of Virginia.

11. Penske L.P. is in the business of leasing and/or renting vehicles, including but not limited to Freightliners, throughout the United States.

12. In furtherance of its business ventures, Penske L.P. owns and maintains vehicles, including but not limited to Freightliners, that it leases for its lessees to operate on the roads and thoroughfares of Virginia.

13. At all relevant times, Aldisi and HSM leased from Penske L.P. the Freightliner truck involved in the incident hereinafter described.

**JURISDICTION AND VENUE**

14. Federal subject matter jurisdiction is based upon 28 U.S.C. § 1332, in that there is complete diversity between the plaintiff and defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. The events giving rise to the plaintiff's cause of action occurred in Virginia, as well as in this district.  Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper.

**FACTS**

16. On or about October 15, 2020, at approximately 5:55 p.m., the plaintiff was operating a 2011 Toyota Avalon on southbound I-81 near mile marker 144 in Roanoke County, Virginia.

17. The plaintiff saw traffic stopping ahead, applied his brakes, and came to a stop.

18. At the same time and place, defendant Aldisi was operating a 2019 Freightliner M2 Truck on southbound I-81 some distance behind the plaintiff.

19. Many seconds after the plaintiff came to a stop, Aldisi, who failed to stop, drove into the back of the plaintiff's vehicle.

20. The collision between the Freightliner and the plaintiff's vehicle was so forceful that it smashed the rear of Jonathan's vehicle into the passenger compartment of the vehicle.



4887-7191-9416, v. 5

21. The crash resulted in various injuries to Jonathan's head, neck, back, and brain.

22. The vehicle Aldisi was operating was owned by HSM.

23. The vehicle Aldisi was operating was owned by Penske Truck Corp.

24. The vehicle Aldisi was operating was owned by Penske L.P.

25. The vehicle Aldisi was operating was leased by HSM.

26. The vehicle Aldisi was operating was leased by Penske Corp.

27. The vehicle Aldisi was operating was leased by Penske L.P.

28. Aldisi was acting in the course and scope of his employment with HSM.

29. Aldisi was acting in the course and scope of his employment with Penske Corp.

30. Aldisi was acting in the course and scope of his employment with Penske L.P.

31. HSM was acting by and through Aldisi as its employee, agent, and/or servant.

32. Penske Corp was acting by and through Aldisi as its employee, agent, and/or servant.

33. Penske L.P. was acting by and through Aldisi as its employee, agent, and/or servant.

## CLAIMS FOR RELIEF

### COUNT I: NEGLIGENCE
### Plaintiff v. Defendant Aldisi

34. The plaintiff incorporates the preceding allegations as if set forth fully herein.

35. Aldisi was under a duty to operate his vehicle lawfully in a safe manner without negligence, to keep and maintain a proper lookout, to operate the vehicle under reasonable and proper control, to maintain a lawful distance with other vehicles, and to operate the vehicle with reasonable care and due regard for the safety of others using said highway.

36. Notwithstanding said duties, Aldisi carelessly and negligently operated his motor vehicle under the circumstances and traffic conditions existing at said time and place in that Aldisi:

    (a)    failed to keep and maintain a proper lookout;

    (b)    failed to maintain a proper distance between his vehicle and the plaintiff's vehicle;

  (c) failed to apply the brakes in time to avoid striking the automobile operated by the plaintiff;

  (d) failed to maintain the vehicle under proper control;

  (e) failed to give full time and attention to the operation of his vehicle; and

  (f) failed to otherwise operate the vehicle with due regard for the safety of the plaintiff and others.

37. At such time and place, Aldisi did so carelessly and negligently operate his vehicle that it was caused to collide with the vehicle in which the plaintiff was traveling.

38. As a direct and proximate result of the defendants' negligence, the plaintiff sustained serious, severe, and permanent injuries; has been prevented from transacting his affairs in his usual fashion, including the loss of wages; has suffered and will continue to suffer great pain of body and mind; has sustained lost enjoyment of life; and has incurred and will likely incur in the future medical and related bills as well as lost wages in an effort to be treated for and cured of these injuries.

### COUNT II: NEGLIGENCE
**Plaintiff v. Defendants HSM, Penske Corp, and Penske L.P.**
**(vicarious liability)**

39. The plaintiff incorporates the preceding allegations as if set forth fully herein.

40. As its employee, agent, and/or servant, defendant HSM is vicariously responsible for the negligence of Aldisi.

41. As its employee, agent, and/or servant, defendant Penske Corp is vicariously responsible for the negligence of Aldisi.

42. As its employee, agent, and/or servant, defendant Penske L.P. is vicariously responsible for the negligence of Aldisi.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Jonathan William Brown, requests the following relief:

1. A jury trial on all issues so triable;

2. Judgment against the defendants, jointly and severally, in the amount of ONE MILLION DOLLARS ($1,000,000.00), together with interest from October 15, 2020, for his damages, including but not limited to:

    (a) Damages for personal injuries;

    (b) Damages for past and future economic loss;

    (c) Past and future medical expenses;

    (d) Past and future pain and suffering;

    (e) Past and future lost wages;

    (f) Loss of future earning capacity;

    (g) Mental anguish and pain;

    (h) Past and future inconvenience;

    (i) Emotional distress;

    (j) and for all other damages cognizable under Virginia law as a result of the October 15, 2020, motor vehicle collision;

3. Payment of the plaintiff's taxable costs by the defendants; and

4. Such other and further relief as is deemed appropriate.

JONATHAN WILLIAM BROWN

By    /s/ Lauren E. Davis   
      Counsel

Lauren E. Davis, Esq. (VSB #74066)
FIRST TRUTH LAW
P.O. Box 230
Smith Mountain Lake, VA  24101
Phone/Fax: (540) 242-1210
lauren@firsttruthlaw.com

*Counsel for Plaintiff*